UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LINDA M. TRAVIS,                                                         :
:
                  Plaintiff,    :       22-CV-8640 (JMF)
:
    -v-                                                                  :       ORDER ADOPTING
:       REPORT AND
COMMISSIONER OF SOCIAL SECURITY,                                         :       RECOMMENDATION
:
                  Defendant.    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant's motion to dismiss in this case was referred to Magistrate Judge Barbara C. Moses for a Report and Recommendation. *See* Docket Nos. 12, 26. In the Report and Recommendation filed on January 22, 2024, Magistrate Judge Moses recommended that the motion be granted. *See* Docket No. 43.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 43, at 22.  In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Plaintiff's Amended Complaint must be dismissed because the Court lacks jurisdiction to review the agency decisions at issue, which are not "final decision[s] of the Commissioner of Social Security made after a hearing to which [Plaintiff] was a party." 42 U.S.C. § 403(g).  Leave to amend would be futile in this case, since there is no jurisdictional basis for any of Plaintiff's claims.  *See Garber v. Burke*, No. 22-CV-2967 (LTS), 2022 WL 2307652, at *2 (S.D.N.Y. June 22, 2022).  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket No. 26, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 8, 2024
      New York, New York

                                            JESSE M. FURMAN
                                      United States District Judge